Martin M. Kolbrener, J.
A hearing was held on motion to suppress certain evidence in connection with prosecution of Indictments Nos. 20708 and 20881, burglary and larceny. The same testimony was submitted in connection with what is commonly known as a Huntley (15 N Y 2d 72) hearing (and which I suppose should now be called a Miranda hearing) (Miranda v. Arizona, 384 U. S. 436).
WITH RESPECT TO THE SEARCH AND SEIZURE HEARING
The detective who was assigned to investigate the burglary in Great Neck spoke to the owner of the premises and found that there was a break in a window, that a 35 mm. camera, an 8 mm. camera, a slide projector, a radio, and a man’s topcoat were missing, that the burglary took place between 1:00 and 3:00 p.m. October 26, 1964. A witness saw a green and yellow taxi-type automobile on the premises in this period, driven by a Negro male. The foot patrolman stated he saw such green and yellow taxi-type car driving back and forth on Middle Neck Road and because he was suspicious he noted the license plate number. After the detective found the owner of the automobile bearing that license plate number and after investigating at the address of said owner, he was directed to Rogers Avenue, Brooklyn, to an address where the automobile was used in connection with an auto rental business. He spoke to one of the owners of the business who stated that the vehicle had been rented to the defendant Johnson on the 25th of October. While they were thus engaged in talking, the owner’s wife stated that she saw the car on the next block still in Johnson’s possession. The two detectives immediately went and found the ear which was a green and yellow taxi type. The codefendant was in the driver’s seat and this defendant was entering the car. The officer identified himself and asked for the license of the two occupants. The driver had none and Johnson showed "his license. The defendant admitted that he had rented the car and stated that the same had been in his possession continuously since the 25th. The officer noticed a transistor radio and topcoat in the rear, and these were removed by the codefendant. The officer then handcuffed the two occupants and took them in the police car to Mineóla. While driving, he noticed the occu *1011 pants stuff some material in the separation of the rear seat. Upon arriving at Mineóla, the officers found that the defendants had hidden pawn tickets and some rings, which are the subject of this motion, behind the back seat. These were seized, as well as some watches. Defendant did not take the stand.
In my opinion, sufficient proof was adduced to constitute probable cause for the arrest of this defendant in Brooklyn. The automobile seen by a witness at the scene of the burglary answered the description of the suspicious automobile noted by the foot patrolman who took its license and plate number, and seen by the witness at the scene of the crime at the time of its commission. The defendant had rented the automobile and admitted to having it in his possession continuously from the 25th of October to the 27th, when he was apprehended. The officer then had probable cause to arrest defendant Johnson and any search incidental thereto was not in violation of the Fourth Amendment of the United States Constitution. (Bell v. United States, 254 F. 2d 82, 87; People v. Brady, 16 N Y 2d 186; People v. Valentine, 17 N Y 2d 128.) Certainly as to the rings and pawn tickets, the defendant cannot be heard to complain. They were found behind the rear seat of a police car. Defendant had abandoned these articles. (People v. Suarez, N. Y. L. J., May 3, 1966, p. 20, col. 3; People v. Lopez, 22 A D 2d 813; People v. Pitman, 14 N Y 2d 885.) He cannot be heard to complain when they were picked up by police. The watches were voluntarily given to the police, so that under the circumstances it cannot be said that the watches were seized. Since the defendant did not take the stand and since I have ho reason to disbelieve the testimony of the police officer, I have accepted his version of the facts. The motion to suppress is denied in both Indictments Nos. 20708 and 20881.
AS TO THE VOLUNTARINESS OE THE STATEMENTS
As to the oral statement by Johnson in Brooklyn: — before he was arrested, he answered the first two questions by the police officers stating that he had rented the car on the 25th of October, 1964, and he had it in his possession uninterruptedly until the 27th. This was a serious admission and constitutes an important link in the proof in the case against this defendant. It was objected to on the ground that the defendant was not told by the police in advance, of his constitutional rights, to wit: (1) That he could remain silent; (2) that anything he said could be used as evidence against him, and (3) that he had a right to a lawyer and if he was indigent that a lawyer would be assigned
I find and decide that the Miranda case (supra) does not apply *1012 to the facts here. The Miranda case does not declare illegal an admission made while a defendant is not under restraint. The court in Miranda (supra) stated specifically: “ The prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation * * * by custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.” Under the circumstances, these oral admissions given before the defendant was placed in handcuffs and under restraint may be admitted in evidence at the trial.
As to the written statements signed by the defendant after he had been taken to the police station and interrogated there, I find that they fail to satisfy the minimal requirements set forth in Miranda v. Arizona (supra). Defendant was in custody, incommunicado, and the police failed to advise the defendant of his rights to an attorney as laid down in Miranda. There was no waiver of his constitutional right. It is therefore ordered that the written statements may not be offered in evidence at the trial. I find beyond a reasonable doubt that the oral statements made by the defendant upon his apprehension and before he was placed under restraint and taken into custody were voluntarily made and are admissible in evidence. Specifically, I refer to his admission that he had rented the car from Henley’s on October 25 and the same was continuously in his possession until October 27 when he was apprehended.
In addition, the motion to suppress is denied.